FILED
10/23/2023
Timothy W Fitzgerald
Spokane County Clerk

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff, and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, and by and through others TBD.<br><br>Defendants. | NO. 23-2-04486-32<br><br>COMPLAINT FOR DAMAGES<br><br>• Wrongful Death<br>• Assault and Battery<br>• Negligent Training and Supervision |

Plaintiffs claim as follows:

I.   PARTIES, JURISDICTION, AND VENUE.

1.1   Plaintiff Erin Franklin is over the age of 18, a resident of Spokane County, Washington, and the widow of John Franklin, her husband of 24 years (D.O.M. February 13, 1999, Spokane, Washington).

COMPLAINT FOR DAMAGES
Page 1 of 20

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

1.2     Erin Franklin is the personal representative of her deceased husband, John Franklin, by order of the court entered October 18, 2023.

1.3     Erin Franklin is acting on her own behalf as a plaintiff, and on behalf of the Plaintiff Estate of John Franklin, the latter of which includes her and John Franklin's adult sons, Brock and Blake Franklin, and minor daughter Avery Franklin.

1.4     Erin Franklin is entitled to bring this action for the wrongful death of her husband and her children's father for their, and for his, benefit.

1.5     John Franklin, now deceased, was a resident of Spokane County, Washington, and Erin Franklin's husband.

1.6     John Franklin died on September 30, 2023, at the age of 48, in Spokane County, Washington (D.O.B. March 7, 1975; and D.O.D. September 30, 2023).

1.7     John Franklin died by gunshot to the chest, inflicted by a private non-commissioned security guard employed by Defendant Inter-Con Security Services, Inc.

1.8     John Franklin died on September 30, 2023, at approximately 11:30 a.m., with the cause of his death deemed by the Spokane County Medical Examiner to be a homicide.

1.9     Plaintiff Brock Franklin is the adult son of Erin and John Franklin. He is over the age of 18 (D.O.B. September 29, 2004), and he was, and is, a resident of Spokane County, Washington.

1.10    Brock Franklin was also shot by Defendant Inter-Con's security guard, injured in his right forearm, wrist and hand, left abdomen/hip and left thigh, including incurring bone

COMPLAINT FOR DAMAGES
Page 2 of 20

fractures and absorbing multiple shrapnel fragments, all of which will cause irreparable and potentially progressive damage, depending on outcome.

1.11    Defendant Inter-Con Security Services, Inc. (Inter-Con) transacts business in Spokane County, Washington, providing private security services within Spokane County.

1.12    Defendant Inter-Con Security Services, Inc also has a foreign profit corporation parent company, with its principal office in Pasadena, California.

1.13    Defendant Inter-Con Security Services's parent company is also registered in the State of Washington, and transacts business in Spokane County, Washington.

1.14    Both defendants together are referred to as Defendant Inter-Con.

1.15    Defendant Inter-Con contracts and contracted with the United States Department of Energy to provide security for its Bonneville Power Administration (BPA) electric utility facility at its property located at 2410 East Hawthorne Road, Mead, Washington, 99021.

1.16    Defendant Inter-Con placed its employee security guard at BPA's East Hawthorne Road facility, and the identity of that security guard remains to be determined.

1.17    The events causing injury and death to John Franklin and injury to Brock Franklin occurred near the East Hawthorne Road address, because of Defendant Inter-Con's actions.

1.18    All relevant actions for purposes of this complaint occurred in Spokane County, Washington, and venue is proper in Spokane County, Washington.

COMPLAINT FOR DAMAGES
Page 3 of 20

MARY SCHULTZ LAW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## II. LIABILITY

2.1     Defendant Inter-Con Security Services, Inc. owed John Franklin and Brock Franklin a duty of care, and breached that duty, as explained herein, and Defendant Inter-Con Security Services, Inc. is liable for the actions of its security guard.

2.2     Defendant is vicariously liable for the actions of its agents and employees placed upon company properties when it provides private security guard services to those companies.

2.3     Defendant contracts with the Department of Energy to provide such services, and those contracts will identify the terms of the services provided, limits of authority, and protocols for such services.

2.4     Defendant's employee was acting within the scope of his employment for Defendant, including while using excessive force, for purposes of the facts detailed herein.

2.5     Defendant's security guard's actions causing Plaintiffs' injury and death occurred at or near the location at which Defendant placed that guard to perform his duties, with all actions engaged in by Defendant's security guard within the scope of, and pursuant to, the security guard's employment and instruction, and with all actions engaged in during the hours the security guard was on duty for Defendant.

2.6     Defendant's security guard's use of force was sufficiently foreseeable to Defendant to support its vicarious liability for those acts, because the normal duties for Defendant's employee contemplated the use of force, and were not unexpected to Defendant in view of the duties it assigned its employee.

COMPLAINT FOR DAMAGES
Page 4 of 20

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2.7     Defendant Inter-Con Security is directly liable for its own actions.

## III.  FACTS.

3.1     Investigation remains in progress; however, the essential facts are believed to be those identified in the following paragraphs.

3.2     The United States Department of Energy maintains the Bonneville Power Administration (BPA) facility, along with large tracts of vacant land adjacent to its facility, at 2410 East Hawthorne Road, Mead, Washington, 99021.

3.3     BPA's vacant land adjoins other various vacant land tracts owned by private and commercial landowners, creating a large vacant land area that spans from the northern border of East Hawthorne road (running east/west), extending south of East Hawthorne Road to the southern border of East Magnesium Road (running east/west), bordered on the west by North Nevada Street (running north-south), and bordered on the east by North Market Street (running north/south), with this land conglomeration referred to hereafter as the "Area."

3.4     The Area has recreational roads and trails throughout it, and has been used for years by off-road riders/drivers and by the public for recreational purposes.

3.5     A large parking area exists on the southeast portion of the land tracts where families park, socialize, unload motocross bikes and ATV/UTVs from their haulers and pickup trucks, teach their children to ride, and set out on the adjoining trails and roads.

3.6     Public and private landowners often allow public access and use of their land for purposes of outdoor recreation, including the use of off-road vehicles. *See, e.g.*, RCW § 4.24.210.

COMPLAINT FOR DAMAGES
Page 5 of 20

3.7     Recreational use of the Area was ongoing, has been known to all adjoining businesses and individuals owning that land, to the public, to the Department of Energy (whose transmission towers dot the land), to Defendant Inter-Con Security Services, Inc., and to Spokane County law enforcement.

3.8     The Franklin family are off-road motocross enthusiasts, and the family has long participated in recreational motocross.

3.9     John Franklin and his sons would ride together, often at the Airway Heights motocross park, but when that park was closed for events, they would sometimes ride at the Area. On September 30, 2023, the Airway Heights course was not available.

3.10    On the morning of Saturday, September 30, 2023, Brock Franklin (Brock) drove his truck to the Area to ride, accompanied by his father John Franklin (John). John's motocross motorcycle was not operational, and he accompanied his son for companionship.

3.11    Brock's single motocross bike was in the truck bed.

3.12    Brock drove onto East Hawthorne Road, and, some distance from the BPA transformer facility, turned into a small publicly accessible gravel pull-out on the north side of East Hawthorne Road.

3.13    That gravel area pull-out area off Hawthorne Road is fully accessible to the public traveling on the road, available for people to make U-turns, etc., and the roads in that area are complicated due to ongoing freeway construction.

COMPLAINT FOR DAMAGES
Page 6 of 20

MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.14    On September 20, 2023, Brock and John Franklin found a newly installed BPA "No Trespassing" sign in that gravel pullout. That sign has a value of less than $750 total.

3.15    Brock's truck pushed over that sign in the gravel area, but the sign was not damaged, certainly not damaged to an extent in excess of $750, nor was it rendered unusable. No diminution in the value of that property occurred as the consequence of the act, and there would have been little to no cost to repair any possible physical damage.

3.16    No one else was present in the gravel area at the time this contact occurred.

3.17    Brock observed a vehicle with a light bar flashing coming towards him eastbound on East Hawthorne Road.

3.18    This vehicle was driven by a private security guard employed by Defendant Inter-Con.

3.19    Defendant's vehicle passed Brock's vehicle heading eastbound, made a U-turn on Hawthorne, and pulled in behind Brock's truck.

3.20    Defendant's vehicle continued to have its lights activated.

3.21    Brock recognized that this vehicle was not law enforcement.

3.22    Defendant's security guard is not commissioned as a law enforcement officer.

3.23    Defendant's security guard was on a public road, outside any "territorial jurisdiction" of any private security enforcement.

3.24    No crime occurred in the private security guard's presence.

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.25    Even if a misdemeanor had arguably occurred, the nature of that crime was not a breach of peace misdemeanor.

3.26    No breach of the peace was ongoing.

3.27    Defendant's vehicle had sufficient time behind Brock's vehicle to note any license plate information for any investigative purposes, and to call for law enforcement assistance, or other security backup.

3.28    Defendant's guard did not call for such assistance, nor report the license plate number to law enforcement.

3.29    Brock drove forward out of the gravel area onto East Hawthorne Road.

3.30    Brock observed, in his rearview mirror, Defendant's vehicle aggressively accelerating behind him, pursuing Brock onto East Hawthorne Road, then pursuing him westbound on East Hawthorne Road itself, and then closing the distance between the vehicles to a matter of several feet.

3.31    Defendant's security guard was again on a public road, outside his territorial jurisdiction.

3.32    Defendant's private security guard had no authority to pursue Brock outside his private property jurisdiction, nor did he have a right to pursue Brock as a citizen to make a citizen's arrest, because no misdemeanor crime had occurred in his presence, and even if a misdemeanor crime had occurred in his presence, the nature of that crime was not a breach of peace misdemeanor.

COMPLAINT FOR DAMAGES
Page 8 of 20



Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.33    Brock had no obligation to pull over for a private vehicle pursuit, including for any private security guard's vehicle, but Brock did so regardless, in a show of cooperation.

3.34    Defendant Inter-Con Security guard broke the speed limit in pursuing Brock, drove recklessly, and his aggressive pursuit drove Brock back onto a BPA parking lot to avoid a traffic accident.

3.35    By his unlawful pursuit, Defendant's security guard forced Brock back onto BPA property.

3.36    Defendant's private security guard, with light bar flashing, apparently intended to present as, and effect, a law enforcement traffic stop, as if he were a commissioned law enforcement officer, which he was not.

3.37    Defendant's security guard pulled in behind Brock's vehicle, facing the same westbound direction.

3.38    Defendant's security guard did not remain in his vehicle, nor call in Brock's license plate number to law enforcement, nor call for backup or for law enforcement.

3.39    Defendant's security guard did not tell Brock and John Franklin to remain in their vehicle to await law enforcement arrival, notwithstanding their cooperation.

3.40    Defendant's security guard instead exited his vehicle fully armed, and began approaching Brock's vehicle.

3.41    Brock's father John saw the security guard begin to approach the vehicle and exited the passenger side to attempt to verbally and cooperatively engage the security guard.

COMPLAINT FOR DAMAGES
Page 9 of 20



MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.42     John Franklin was unarmed.

3.43     Defendant's security guard did not tell John to remain where he was, nor order him to get back into the car and wait, notwithstanding the cooperation being displayed.

3.44     Brock had already cooperatively stopped the vehicle, his father was cooperatively talking to the security guard, and the vehicle was already cooperatively "detained."

3.45     Defendant's security guard unnecessarily further escalated the situation.

3.46     Defendant's security guard aggressively approached John and grabbed John by his left arm as John stood beside his vehicle on the passenger side.

3.47     Defendant's grabbing John was an assault, as John had not committed any crime in the security guard's presence.

3.48     John moved backwards in response to this aggression, and tried to return to the vehicle's passenger seat, where he would have been cooperatively detained.

3.49     Defendant's security guard attempted to prevent John from re-entering the car, and began trying to physically subdue John outside the vehicle.

3.50     The security guard's actions were assault and battery; to the extent the security guard thought he had any authority to arrest anyone, he used excessive force.

3.51     Brock witnessed the security guard's aggression and assault on his father in the passenger side rearview mirror.

3.52     Brock exited his driver's side door, and began walk to the back of his truck on the driver's side to try and defuse what was happening.

COMPLAINT FOR DAMAGES
Page 10 of 20

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.53    Brock Franklin was unarmed. Brock Franklin is 5'6" and 140 pounds.

3.54    As Brock began to come around the back of his vehicle, Defendant's security guard issued no orders to either Brock or John.

3.55    John Franklin, while still under assault, ordered his son to immediately return to the vehicle.

3.56    Brock told his father he would not leave him; his father again ordered him to the vehicle.

3.57    Brock obeyed his father and returned to the driver's seat.

3.58    Defendant's security guard issued no orders, knew that Brock would obey his father, and knew that Brock's father was trying to defuse the situation, keep his son out of it, and return to his vehicle.

3.59    Defendant's security guard knew that Brock was concerned about his father, and that Brock was watching Defendant's security guard's physical attempt to subdue Brock's father.

3.60    Defendant's security guard continued to escalate the situation.

3.61    John had been able to back up sufficiently to reach the passenger side door in an attempt to regain the passenger seat. Brock observed his father in the passenger side window, saw his father reach for the door handle, saw his father's body begin to turn to the door to open it, and heard the handle begin to move, when he saw the Defendant's security guard knock John to the ground.

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.62   Defendant's security guard's "takedown" of his father caused Brock to leave his driver's seat again to attempt to protect his father from the assault. He came around the front of the vehicle this time, as both the Defendant's security guard and his father were near the passenger side door.

3.63   Brock remained unarmed.

3.64   Brock approached the Defendant's security guard standing over and wrestling his father, and physically shoved the guard off his father.

3.65   Brock used reasonable force to protect his father.

3.66   At no point did Defendant's security guard tell Brock Franklin what he was doing with his father, that he was trying to arrest his father, or to stand back.

3.67   Defendant's security guard now began to back up towards his vehicle and the guard reached towards his belt.

3.68   Brock believed he was about to be pepper sprayed, and began physically turning away from what he believed was going to be pepper spray diffusion.

3.69   Defendant's security guard had unholstered a semiautomatic handgun, not pepper spray.

3.70   As this was happening, Brock's father John got up off the ground and began moving between his son and Defendant's security guard.

3.71   Defendant's security guard fired four to five shots at both Brock and John, with the intent to kill.

COMPLAINT FOR DAMAGES
Page 12 of 20

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

3.72    Defendant's security guard shot John Franklin in the chest and the abdomen, killing John near instantly.

3.73    Defendant's security guard shot Brock in his abdomen and arm.

3.74    At no time did Defendant's guard call for back up or for law enforcement assistance until around 11:15 am, after he had shot John and Brock.

3.75    John Franklin died at 11:30 a.m. at the scene, according to the medical examiner.

3.76    Defendant's guard did not attempt to render medical aid to Brock, who was openly bleeding from his gunshot wounds.

3.77    Brock's profuse bleeding was immediately addressed by first responders when they arrived at the scene, preventing a second death at the scene.

3.78    Brock was hospitalized.

3.79    The Spokane Medical examiner determined the cause of John Franklin's death to be a homicide.

3.80    Brock Franklin suffered gunshot injuries to his right forearm, wrist and hand, left abdomen/hip and left thigh, including incurring bone fractures and taking on multiple shrapnel fragments.

3.81    Defendant's security guard had no injuries, and suffered no signs of force being used against him.

COMPLAINT FOR DAMAGES
Page 13 of 20



Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## IV. CAUSES OF ACTION

Plaintiffs restate the foregoing facts, and claim as causes of action:

A. <u>Wrongful death and survival claims.</u>

4.1 This action is brought for all economic and non-economic damages sustained by John Franklin and his beneficiaries listed in RCW 4.20.020 as a result of his death, in such amounts as determined by a trier of fact to be just under all the circumstances of the case. RCW 4.20.010.

4.2 This action includes the survival claims of John Franklin, and for all economic and noneconomic damages sustained by the individual plaintiffs.

4.3 Defendant Inter-Con Security Services, Inc. and others to be determined, are liable for the wrongful death of John Franklin, caused by the wrongful actions of Defendant Inter-Con Security Services, Inc., through and by its security guard.

4.4 Defendant's wrongful actions include, but are not limited to, unlawful pursuit on a public road, assault and battery, excessive force, and intentional infliction of emotional distress, all of which are asserted both as a part of this wrongful death claim, and as independent causes of action.

4.5 The Defendant's negligent actions include, but are not limited to, Defendant's breach of its duties of care to Plaintiffs, which proximately caused resulting injury and death.

4.6 Private security officers are not federal or state law enforcement officers, they are not empowered by law to make arrests, searches, or seizures. See, e.g., *Rabieh v.*

COMPLAINT FOR DAMAGES
Page 14 of 20



MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

*United States,* 2019 WL 5788673, at *2 (N.D. Cal. Nov. 6, 2019) (addressing private security officers providing security screening at the Federal Building).

    4.7    Defendant's duties of care referenced for this claim and as independent negligence claims of their own accord include negligence in ensuring the safety of Plaintiffs, and injuring both and killing one Plaintiff, including, but not limited to, the following:

    4.7.1    Negligence in the training and/or supervision of its non-commissioned security guard for security work on and off this particular property, given its known use, and on the adjoining public roads;

    4.7.2    Negligence in the training and/or supervision of its non-commissioned security guard for vehicle pursuit on public roads, traffic stops, and traffic stop apprehensions;

    4.7.3    Negligence in the training of its security guard in engaging in a vehicle pursuit on a public road, and in escalation of that event to the unnecessary attempt to physically detain a cooperative passenger without calling for the assistance of law enforcement;

    4.7.4    Negligence in failing to call for backup by additional security personnel to the scene of this vehicle pursuit and apprehension;

    4.7.5    Negligence in the training of its security guard in directing such personnel to clearly issue instructions to whoever he was trying to detain, whether lawfully on unlawfully, to de-escalate any detention situation initiated by that security guard;

COMPLAINT FOR DAMAGES
Page 15 of 20



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.7.6   Negligence in the training of its security guard in de-escalation, and in the use of weapon selection, including the use of a semi-automatic weapon of any kind, during any intended traffic stop and detention on or near a public road;

4.7.7   Negligence in the training of its security guard to render medical aid to those against whom he used a weapon.

B.  Assault and battery/excessive force.

4.8   Defendant Inter-Con Security Services, Inc. and others to be determined, engaged in, and are liable for, assault and battery.

4.9   Defendant assaulted John and Brock Franklin by reckless pursuit on a public road, which endangered John and Brock and others on that roadway, and caused John and Brock to pull back onto BPA land.

4.10   Defendant assaulted John and Brock Franklin by the intentional touching of both of these individuals in a manner that was harmful or offensive.

4.11   Defendant's security guard's aggression provoked a physical retreat by John, and the Defendant security guard's continued pursuit and assault from which John was retreating evoked a reasonable physical defense by both John and Brock Franklin.

4.12   Defendant battered both John and Brock Franklin, intending to cause John and Brock apprehension of imminent contact and physical pain, and causing such contact and pain.[1]

---

[1]   See *McKinney v. City of Tukwila*, 103 Wn. App. 391, 408, 13 P.3d 631, 641 (2000).

COMPLAINT FOR DAMAGES
Page 16 of 20

MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.13    Defendant's security guard's escalation of force was not reasonably necessary to either effect a detention or an arrest, nor was the degree of escalation reasonable or necessary to defend himself against an attack that he provoked.

4.14    To the extent that John and ultimately Brock Franklin resisted Defendant's assaults, both did so lawfully; each's use of force upon or toward Defendant was not unlawful under the circumstances they experienced from Defendant's security guard, when both were about to be, and were being, physically injured, and where both were lawfully aiding each other in preventing or attempting to prevent injury to their family member.

4.15    Each of John and Brock's uses of force were not more than was necessary to push the Defendant's security guard away, without causing him injury.

C.    Intentional Infliction of Emotional Distress.

4.16    Defendant, through its security guard, engaged in extreme and outrageous conduct, and intentional or reckless infliction of emotional distress upon both Brock and John, in assaulting John, doing so in full view of his son Brock, and by showing John the intent to draw a weapon of some kind against his son Brock, and the actual result of such to both Plaintiffs was severe emotional distress, which remains with Brock, and which will be permanent.[2]

D.    Loss of Consortium-spousal.

---

[2] *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003).

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

4.17  As a result of Defendant's actions, and as damage, Plaintiff Erin Franklin has lost the consortium of her husband, John Franklin.[3]

E.  Loss of Consortium-parental.

4.18  As a result of Defendant's actions, Plaintiff Brock Franklin, Blake Franklin and Avery Franklin have lost the consortium of their father, John Franklin.

## V.  PROXIMATE CAUSE.

5.1  The Defendant's actions identified above unnecessarily caused substantial injury, pain, suffering pre-death, and death to John Franklin.

5.2  The Defendant's actions identified above unnecessarily caused substantial injury, pain, and suffering to Brock Franklin.

5.3  The Defendant's actions identified above unnecessarily caused loss of spousal consortium to John Franklin's wife, Erin Franklin, and loss of parental consortium to John Franklin's children, Brock, Blake, and Avery Franklin.

## VI.  DAMAGES.

WHEREFORE, the Plaintiffs reassert all of the above and state as follows:

6.1  As a direct and proximate result of the Defendant's actions detailed above, John Franklin suffered substantial fear for himself and for his son, anxiety, anguish, distress, and pain in the time leading up to his death.

---

[3] *See Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 773, 733 P.2d 530 (1987); *Ginochio v. Hesston Corp.*, 46 Wn. App. 843, 847–48, 733 P.2d 551 (1987).

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

6.2   As a direct and proximate result of the Defendant's actions detailed above, John Franklin died.

6.3   As a direct and proximate result of the Defendant's actions detailed above, Brock Franklin suffered substantial fear for himself and for his father, anxiety, anguish, distress, and pain in the time leading up to his death.

6.4   As a direct and proximate result of the Defendant's actions detailed above, Brock Franklin suffered physical injury, including injury that may be progressive and permanent.

6.5   As a direct and proximate result of the Defendant's wrongful acts, John Franklin's surviving spouse, Erin Franklin, has been deprived of her husband's marital consortium, including his past and continuing love, support, affection, care, companionship, nurturing, advice, guidance, counsel, and society.

6.6   As a direct and proximate result of Defendant's wrongful acts, John Franklin's surviving children have been deprived of the services and consortium their father would have provided, his continuing love, support, affection, care, companionship, nurturing, advice, guidance, counsel, training, education, and society.

## VII.   RELIEF REQUESTED.

WHEREFORE, the Plaintiffs request:

7.1   That judgment be entered against the Defendants for compensation for all loss suffered by the Plaintiff Estate and beneficiaries, as well as by the Plaintiffs.

7.2   That judgment be entered for any and all further relief available as a matter of law at the time this matter is tried.

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

DATED this 23rd day of October, 2023.

MARY SCHULTZ LAW, P.S.

/s/Mary Schultz
Mary Schultz, WSBA # 14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
Email: Mary@MSchultz.com

COMPLAINT FOR DAMAGES
Page 20 of 20



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com