HEATHER C. YAKELY
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201-0910
(509) 455-5200
hyakely@ecl-law.com
Attorneys for Defendant

The Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff, and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,<br><br>Plaintiff(s),<br><br>vs.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, by and through others TBD,<br><br>Defendant(s). | Case No. 2:23-cv-00338-TOR<br><br>Spokane County Superior Court Case No. 23-2-04486-32<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND<br><br>Hearing Date: January 22, 2024<br>*Without Oral Argument* |

## I.  INTRODUCTION

Plaintiffs' motion attempts to remand this action to Spokane County Superior Court based on a misunderstanding of controlling legal authority. In the complaint, Plaintiffs allege that the Federal District Court for the Eastern District of Washington lacks subject matter jurisdiction over the allegations in the original

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 1



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

state complaint, and that additional defendants to be named related to their corresponding motion to amend complaint will eliminate complete diversity between all parties. The motion is based, in part, on the mistaken argument that Defendant, Inter-Con Security Systems, Inc. (hereinafter "Defendant" or "Inter-Con Security") is a "local forum business entity," and thus a "resident defendant." *Plaintiffs' Motion, pg. 6.* Additionally, Plaintiffs' claim that the alleged employee of Defendant involved with the incident at the center of the lawsuit is a "forum resident" and thus "deprives the federal court of subject matter jurisdiction." *Plaintiffs' Motion, pg. 11.* This ignores the realities surrounding the corporate status of Defendant, and its registration within Washington State.

Further, Plaintiffs' claims relate to an incident that occurred at the property located at 2410 E. Hawthorne Rd., Mead, WA 99021. *Complaint at ¶ 1.15.* The Complaint further notes that Defendant Inter-Con Security Systems, Inc. "contracts and contracted with the United States Department of Energy to provide security for its Bonneville Power Administration…electric utility facility," at the aforementioned location. *Id.* This property, as reflected in records maintained by the Spokane County Assessor's Office, is owned, and was owned at the time of the incident in question, by the United States Department of Energy ("Department of Energy"), an executive department of the United States Federal Government.



Plaintiffs' claims stem from an interaction on this property with a security guard employed by Defendant, a government contractor providing private security services on the premises. As such, this matter was properly removed to this Court, as federal question jurisdiction exists under the federal enclave doctrine.

Defendant has not yet answered the Complaint as Plaintiffs filed a Motion to Amend the Complaint. The hearing on the Motion to Amend is scheduled for January 22, 2024. However, it will raise the federal enclave doctrine as an affirmative defense. Regardless, the federal enclave doctrine is not an anticipated federal affirmative defense. Instead, the doctrine is a subspecies of federal question jurisdiction vested in federal district courts under 28 U.S.C. § 1331. Therefore, any argument to the contrary presented by Plaintiffs would be contrary to federal law. Further, established law provides that Plaintiffs cannot avoid federal jurisdiction through sole reliance on state law contained in their Complaint. Accordingly, this case is properly pending in this Court, and Plaintiffs' motion should be denied.

### I.    FACTS

Defendant Inter-Con Security is a California corporation with a principal place of business located at 210 South De Lacey Avenue, Pasadena, California 91105. *ECF 1, pg. 1.* After a complaint was initiated against Defendant in Spokane

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 3



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

County Superior Court, Defendant removed jurisdiction to this Court. *See ECF 1.* In support of removal, Defendant attached the declaration of Caitlin Johnson, Defendant's Assistant General Counsel, Litigation. *ECF 1, 2*. Ms. Johnson's declaration notes as follows:

> Inter-Con Security Systems is, and has been since 1973, domiciled in the State of California. (See Exhibit A, Statement of Information.) Inter-Con Security Systems provides services in the State of Washington but does not do business by any other name, subsidiary or entity within the state of Washington.
>
> *ECF 2, pg. 3*.

Defendant is registered as a Foreign Profit Corporation within the State of Washington. *See Declaration of Heather Yakely, Exhibit A*. Its principal office street address is listed as 210 S. De Lacey Ave., Pasadena, CA 91105-2048. *Id.* At the time of the incident described in Plaintiffs' complaint, Defendant was a government contractor providing private security services at 2410 E. Hawthorne RD, Mead, WA 99021. *Complaint at ¶ 1.15*. As previously noted, this property is owned by the Department of Energy. *Declaration of Heather Yakely, Exhibit B*. Defendant's corporate and contractor status, along with the location of the property where the incident at issue occurred, establishes both subject matter and federal question jurisdiction (pursuant to the federal enclave doctrine) in this matter, thus establishing the present Court as the appropriate venue.

## II. LAW AND ARGUMENT

### A. This Court Maintains Subject Matter Jurisdiction Over This Matter.

#### 1. Defendant Corporation is a California Citizen and the Amount in Controversy Exceeds $75,000.00.

Matters can be removed from a state court and placed in a federal court only if the latter has subject matter jurisdiction over the case. *Farmer Bean & Seed, Ltd. Liab. Co. v. Pac. Grain & Foods, Ltd. Liab. Co*., 495 F. Supp. 3d 981, 984 (E.D. Wash. 2020) (citing U.S.C. § 1441(a)). Subject matter jurisdiction is "generally conferred upon federal district courts through diversity jurisdiction…or federal question jurisdiction." *Peralta v. Hispanic Bus., Inc.,* 410 F.3d 1064, 1068 (9th Cir. 2005) (citing to 28 U.S.C. § 1332 and 28 U.S. § 1331). Diversity jurisdiction applies for "all civil actions where the matter in controversy exceeds…$75,000.00…and is between…citizens of different States." *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)).

Corporations are considered citizens of the state where they are incorporated, and the state where their principal place of business is located. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In *Goddard v. Jubilant Hollister Stier*, the defendant argued that its parent

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 5



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

company was based in Pennsylvania, and that the same provided oversight of the defendant's "local administration, management, and operations." *Goddard v. Jubilant Hollister Stier*, LLC, No. 2:23-CV-0004-TOR, 2023 U.S. Dist. LEXIS 69519, at *4-5 (E.D. Wash. Apr. 20, 2023). The plaintiff presented the following evidence: (1) the defendant operated a local facility in Washington; (2) the defendant registered (under a local address) a separate company entity from the parent company with the Washington Secretary of State; and (3) "many" higher level management employees resided in Washington. *Id.* at 5. The court ultimately found that the defendant presented only conclusory evidence supporting its assertion. *Id. at 5-6.*

Unlike the defendant in *Goddard v. Jubilant Hollister Stier*, Defendant here has presented valid evidence and testimony (Ms. Johnson's Declaration, *ECF 2*) establishing that Defendant is domiciled in California. The only "local resident" noted in Plaintiffs' motion as having any employment connection with Defendant is the "Doe security guard." *ECF No. 6, pg. 6.* This does not equate to the defendant in *Goddard v. Jubilant Hollister Stier,* establishing that the parent company had higher level management who were residents in the local forum state. Furthermore, Plaintiffs' moving memorandum, without any supportive citation, falsely refers to Defendant as a "local forum business entity." *ECF No. 6,*

*pg. 6.* As shown in Ms. Johnson's declaration and within Defendant's registration filed with Washington State, Defendant is definitively **not** a "local forum business entity," but rather a foreign corporation principally domiciled in California. The parties at issue here are domiciled in two separate states. Considering Plaintiffs' lawsuit is premised on a wrongful death cause of action, the amount in controversy exceeds $75,000.00. Accordingly, this Court maintains diversity jurisdiction over this matter.

### 2. Federal Question Jurisdiction Exists in This Matter Under the Federal Enclave Doctrine.

Territory transferred by a state to the federal government by sale or condemnation with the state's consent constitutes a federal enclave. *Paul v. United States*, 371 U.S. 245, 264 (1963). For areas that are considered a federal enclave, only federal law will apply. *Id.* at 263. The United States Supreme Court has held that a "state may not legislate with respect to a federal enclave unless it reserved the right to do so when it gave its consent to the purchase by the United States. Only state law existing at the time of the acquisition remains enforceable, not subsequent laws." *Id.* at 268,

Only federal law applies on a designated federal enclave under exclusive federal jurisdiction. However, to ensure federal enclaves feature a documented legal system for private rights, preexisting state laws not inconsistent with federal

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 7



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

law will become federal law and remain the same until changes in national legislation. *Pacific Coast Dairy v. Depart. of Agriculture of Ca.,* 318 U.S. 285, 294 (1934).

In this matter, Plaintiffs argue generally that this Court does not possess subject matter jurisdiction regarding the state claims at issue. Of course, as set forth *supra*, this ignores the fact that this Court maintains diversity jurisdiction over the matter. Moreover, the United States Congress holds exclusive legislative jurisdiction over areas considered to be federal enclaves. As a result of this legislative jurisdiction, "courts have reasoned that United States courts must also have subject matter jurisdiction to adjudicate controversies arising on federal enclaves." *Blahnik v. BASF Corp.*, No. C.A. C-06-410, 2006 WL 2850113, at *3 (S.D. Tex. Oct. 3, 2006) (citing to *Mater v. Holley*, 200 F.2d 123, 124-125 (5th Cir. 1953); *Reed v. Fina Oil & Chemical Co.,* 995 F.Supp. 704, 713 (E.D. Tex. 1998); *Akin v. Gig Three Industries, Inc.,* 851 F. Supp. 819, 822 (E.D. Texas 1994). As such, federal enclave jurisdiction morphs into a subspecies of federal question jurisdiction, which, as this Court is well aware, is a form of subject matter jurisdiction promulgated under 28 U.S.C. § 1331. *Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1034 (10th Cir. 1998) ("Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 8

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

a part of federal question jurisdiction."); *Celli v. Shoell,* 40 F.3d 324, 328 (10th Cir. 1994) ("federal enclave jurisdiction [is] a form of federal question jurisdiction."). Therefore, "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" *Blahnik v. BASF Corp.,* No. C.A. C-06-410, 2006 WL 2850113, at *3 (citing to *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1250 (9th Cir. 2006) (citing *Willis v. Craig,* 555 F.2d 724, 726 n. 4 (9th Cir. 1977)).

In this instance, Inter-Con Security is a contractor operating on property that is a federal enclave. While the alleged perpetrator was indeed a local employee, their conduct took place on a federal enclave. (Complaint, para 1.15 and 1.16) As such, the causes of action against that individual employee would still be subject to the federal enclave doctrine. *See Scott v. Gino Morena Enter., L.L.C.,* et al., No. SACV 14-02046 JVS (DFMx), 2015 WL 847160 at *3-4 (C.D. Cal. Feb 23, 2015) (court determined there was federal question subject matter jurisdiction through application of the federal enclave doctrine in matter involving a plaintiff who worked in the barbershop at Camp Pendleton and alleged only tort claims under state law.)

In the event that Plaintiffs argue that federal question jurisdiction does not exist because the federal enclave doctrine is a federal defense and jurisdiction is only dependent on the actual claims rather than defenses, such argument would

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 9



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

still not permit avoidance of federal removal. The federal enclave doctrine is not segregated for use only as a defense. Instead, the doctrine acts as an independent vector that gives rise to federal question jurisdiction. *Blahnik v. BASF Corp.,* No. C.A. C-06-410, 2006 WL 2850113, at *3. Asserting the federal enclave doctrine cannot be classified as a defense under the well-pleaded complaint rule, as removal could still indeed be suitable in instances where federal law both displaced state law and confers federal remedies on a plaintiff or compels the plaintiff to rely on federal "propositions." *Olig v. Xanterra Parks & Resorts, Inc.,* No. CV 13-15-BLG-DLC-RKS, 2013 WL 3936904, at *2-3 (D. Mont. July 30, 2013) (citing *Harper v. San Diego Transit Corp.,* 764 F.2d 663, 666 (9th Cir. 1985); *Swords v. Plowshares v. Kemp,* 423 F.Supp. 1031, 1033 (N.D. Cal. 2005)). In this instance, Plaintiffs must rely on such federal propositions, as their claims arise from the conduct of the Defendant's employee at the premises located at 1620 E. Hawthorne Rd., Mead, WA 99021which is a federal enclave.

### III.   CONCLUSION

This Court has subject matter jurisdiction over this lawsuit, as both diversity and federal question subject matter jurisdiction exist here. This is established by the facts contained in all pleadings, and by the controlling case law and precedent regarding both diversity and federal question subject matter jurisdiction.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 10



EVANS, CRAVEN & LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Accordingly, Plaintiffs' Motion should be denied. Defendants reserve the right under 28 U.S.C. § 1453 (c)(1) to appeal in the event the matter is remanded.

DATED: December 22, 2023

                                                EVANS, CRAVEN & LACKIE, P.S.

                                                By _____
                                                HEATHER C. YAKELY, WSBA #28848
                                                Attorneys for Defendant



# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the United States, that on the 22nd day of December 2023, the foregoing was served on the following persons as indicated below:

| *Counsel for Plaintiffs*<br>Mary Schultz<br>Mary Schultz Law, P.S.<br>2111 E. Red Barn Lane<br>Spangle, WA 99031<br>Tel: (509) 245-3522, Ext. 1<br>Email: Mary@MSchultz.com | Regular mail, postage prepaid | ☐ |
|---|---|---|
| | Personal delivery | ☐ |
| | Email per electronic service agreement | ☒ |
| | Other: | ☐ |

By   /s/Heather C. Yakely
HEATHER C. YAKELY, WSBA #28848
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
hyakely@ecl-law.com
Attorneys for Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND - page 12



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632