MARY SCHULTZ
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

*Attorney for Plaintiffs*

The Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff, and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN; BLAKE FRANKLIN; and AVERY FRANKLIN,<br><br>                Plaintiffs,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, and by and through others TBD,<br><br>                Defendants. | Case No. 2:23-cv-00338-TOR<br><br>Spokane County Superior Court 23-2-04486-32<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND<br><br>Hearing Date: January 22, 2024<br>*Without Oral Argument* |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 1 of 12



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Plaintiffs reply in support of their motion for remand (ECF 6) as follows:

1. <u>Complete Diversity Does Not Exist.</u>

Defendant Inter-Con parent company acknowledges that the Defendant security guard is a Washington resident, i.e., "the alleged perpetrator was indeed a local employee." ECF 7, p. 9:8-9. An acting forum employee defeats diversity jurisdiction. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (forum manager and primary actor named as a defendant defeats diversity jurisdiction). The court may not ignore a resident defendant whose presence would defeat diversity. *Christison v. Biogen Idec, Inc.,* 2011 WL 13153242, at *2 (N.D. Cal. Nov. 14, 2011) ("status of defendants as served or unserved is irrelevant to the existence of original diversity jurisdiction under 28 U.S.C. § 1332," and if the plaintiff is a forum resident, the presence of a local defendant (served or unserved) will preclude removal).  Management employees need not be in the forum to defeat diversity jurisdiction. *Goddard v. Jubilant Hollisterstier*, LLC, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023) (finding that the defendant parent failed to meet its burden of proof). Complete diversity fails.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 2 of 12



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Inter-Con's parent also offers no more than conclusory allegations regarding their local entity— "Defendant is definitely **not** a 'local forum business entity.'" ECF 7, p. 7:2 (emphasis in original). This is not sufficient. Plaintiffs have evidenced the various "Inter-Con" operations throughout Washington, with discovery intended. ECF 5, paras. 7-14, 16. Defendant's conclusory evidence does not even establish whether Defendant's principal place of business is diverse from Plaintiffs' Washington citizenship. Complete diversity is not established.

2.  <u>Federal question jurisdiction is waived.</u>

Defendant impermissibly raises federal enclave jurisdiction in their response to a remand motion. "Federal enclave jurisdiction is …part of a court's federal question jurisdiction under 28 U.S.C. § 1331." *Blahnik v. BASF Corp., No. C.A. C-06-410*, 2006 WL 2850113, at *3 (S.D. Tex. Oct. 3, 2006). A defendant must, therefore, state federal question jurisdiction as a basis for removal in its petition for removal, the latter of which must be filed within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). Defendant Inter-Con failed to raise federal question jurisdiction in its removal notice, and cannot raise that basis for removal now. Defendant was served on October 26, 2023. ECF 1,

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 3 of 12



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

p. 2:12, *and see* para 5. Defendant filed its removal petition on November 17, 2023, citing diversity as a basis for this Court's subject matter jurisdiction. ECF 1, ECF 2. Defendant has never amended its notice. A removal petition cannot be amended in any event to add a separate basis for removal jurisdiction after the thirty day period. *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988); *and see ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir.2000); *City of Oakland v. BP PLC*, 969 F.3d 895, 891 (9th Cir. 2020) ("Because the deadline for amending the notices of removal has passed, the Energy Companies may not rely on admiralty jurisdiction as a basis for removal on remand."). Moreover, Defendant may certainly not raise a new basis for federal jurisdiction by response to a remand motion. *See, e.g.*, *Lydig Const., Inc. v. Carpenters Health and Security Trust of Western Wash.*, 2008 WL 901679, at *1 (W.D. Wash. Mar. 28, 2008) ("The additional bases for jurisdiction asserted in [the] . . . opposition [to the motion to remand] . . . do not support removal, as neither basis was stated in the Notice of Removal as required by 28 U.S.C. § 1446(a)."). Newly asserted "defenses" to state claims also do not create jurisdiction. *Id.,* ref. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 16 (1983);

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 4 of 12

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

*Sullivan v. BNSF Ry. Co.*, 447 F.Supp.2d 1092, 1099-1100 (D. Ariz. 2006) (refusing to consider the defendant's alternative ground for removal based on § 1442(a)(1), because it was raised for the first time in response to the plaintiff's motion to remand). Where a defendant raises new grounds for federal jurisdiction in its opposition to a motion to remand that were not raised in its removal papers, the court should not consider those grounds, which are waived. *Delaney v. Casepro, Inc.*, 2013 WL 3328686, *3 & n.4 (D.S.C. July 2, 2013) (referencing *Sullivan supra*). Defendant's Inter-Con parent company waived federal question jurisdiction.

      3.    <u>Defendant has not evidenced federal enclave jurisdiction.</u>

Even were the court to impermissibly consider a new basis for removal, Defendant has not remotely shown facts establishing federal enclave jurisdiction. If anything, it has shown the opposite.

First, Plaintiff's Complaint places the material events on public spaces. The events causing injury and death occurred "*near*" the East Hawthorne Road address, *not on it*. ECF 1-2, para. 1.17. Defendant's employee was explicitly "outside his jurisdiction" on a *public* road when he began pursuing Plaintiffs. *Id.*, para. 3.23. Inter-Con's guard drove to Plaintiffs on a public roadway where

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 5 of 12

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Plaintiffs were on a "small publicly accessible gravel pull-out on the north side of East Hawthorne Road." *Id.*, para. 3.12; also see 3.13 (area "fully accessible to the public traveling on the road, available for people to make U-turns, etc."), *and see* para. 3.17. A "newly installed" Bonneville Power Administration sign was in the gravel pull-out, but what parts of that pull-out are owned by a federal entity, if any, is not in evidence. The shooting event occurred on another publicly accessible gravel area adjacent to the same public road, on a "BPA parking lot." *Id.*, paras. 3.31, 3.34, 3.35. The guard's unlawful pursuit on public roads outside his jurisdiction is what forced Plaintiffs onto "BPA property." *Id.*, paras. 3.34, 3.35. Spokane County law enforcement investigated the incident. ECF 5, paras. 3 and 4. Spokane County's medical examiner addressed the injury and death. *Id.*, para. 3.79. The Defendant parent company is also charged with negligent management of its employees, which did not take place in that gravel access area. Most likely, training would occur over a private company intranet server, the location of which remains unknown. No federal entity has asserted jurisdiction over the criminal investigation or moved to intervene. Moreover, injuries are caused to Plaintiffs who were nowhere near federal property—Erin, Blake, and Avery Franklin.
PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 6 of 12


2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Second, Defendant submits a *Spokane County* property record showing that the U.S. Department of Energy pays Spokane County taxes under a county tax code area of "1280." ECF 8-2, p. 1/3. Federal enclaves are immune from state taxation, and the status "debar[s] the State from exercising any legislative authority, including its taxing and police power, in relation to the property and activities of individuals and corporations within the territory." *Swords to Plowshares v. Kemp,* 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005), *ref. Silas Mason Co. v. Tax Comm'n of Wash.*, 302 U.S. 186, 197 (1937). Moreover, private contractors on certain federal operations, such as Defendant Inter-Con here, are subject to Washington law, and taxed under Washington employment laws. *Ryan v. State*, 188 Wash. 115, 134, 61 P.2d 1276, 1284 (1936), *aff'd sub nom*. *Silas Mason Co., supra.* Defendant's property tax evidence thus undercuts its assertion that these gravel areas are a federal enclave.

Third, federal enclave jurisdiction is applied "narrowly," and it does not apply where the federal land is incidental to the tortious conduct. "[A] defendant cannot use activities on federal enclaves to create instant jurisdiction for a state-law claim." *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1111 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1795 (2023). This case also "involves private

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 7 of 12

*Mary Schultz Law, P.S.*
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

parties to a private contract that coincidentally had some nexus to federal property." *See Handyman Network, Inc. v. Westinghouse Savannah River Co., Inc*., 868 F. Supp. 151, 154-55 (D. S.C. 1994) ("Congress did not intend to extend federal jurisdiction to such contracts."). Specifically, Defendant's private security guard recklessly chased Spokane County residents down a public road onto a gravel parking lot "near" the DOE by reckless driving. Plaintiffs were voluntarily in that parking lot only to prevent a car accident. ECF 1-2, para. 3.34. Moreover, only state claims are pled. The *Handyman Network*, *Inc.* court notes that, as here, "Plaintiff's right to relief does not necessarily depend on the resolution of a substantial question of federal law. " *Id*., at 154. State law applies to the tort claims pled, because "[T]he law on a federal enclave is the state law that governed the land at the time the federal government established the enclave, not state law enacted thereafter—unless that law was expressly adopted by the enclave's new sovereign, the federal government." *Allison,* 689 F.3d at 1235. Plaintiffs' causes of action were established by the common law, which became the law of the state in the year 1862.  RCW 4.04.010. Wrongful death actions were established in 1917. RCW § 4.20.020. The federal land, if any, is incidental to the events and the claims, and is not properly applied.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 8 of 12



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Fourth, federal ownership and use the public pull-out and parking areas "without more (does) not withdraw the lands from the jurisdiction of the state." *Surplus Trading Co. v. Cook*, 281 U.S. 647, 650 (1930). For the United States to obtain exclusive legislative jurisdiction over a parcel of land, proof of three elements are necessary: 1) purchase of the land by the Government; 2) cession by the State; and 3) acceptance of exclusive jurisdiction by Congress. *See Defenders of Wildlife v. Everson*, 984 F.3d 918, 925 (10th Cir. 2020) ("The federal government may obtain jurisdiction over property through a state's cession of legislative jurisdiction, coupled with acceptance of the cession by the United States."); *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) ("A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession."). The mere fact that the Government holds title to property within the boundaries of a state does not "necessitate the assumption by the Government of the burdens incident to an exclusive jurisdiction." *Atkinson v. State Tax Commission of Oregon*, 303 U.S. 20, 23 (1938). A grant of jurisdiction by a State to the Federal Government "need not be accepted." *Humble Pipe Line Co. v. Waggonner*, 376 U.S. 369, 373 (1964). Here, Plaintiffs evidence that the State

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 9 of 12

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

of Washington's Spokane County law enforcement handled the investigation of this incident on the publicly accessible gravel area involved, ECF 5, para 3, and Defendant's County taxation document supports the County's providing law enforcement services to that area. ECF 8-2. Moreover, unless Washington State has agreed to the exercise of federal jurisdiction over the parking area in question, the United States would hold "only the rights of an ordinary proprietor. " *Ft. Leavenworth R. Co. v. Lowe*, 114 U.S. 525, 527 (1885). Where the Federal Government does not assert exclusive jurisdiction (over public lands), "the State is free to enforce its criminal and civil laws on those lands. " *Kleppe v. New Mexico*, 426 U.S. 529, 543 (1976); *see also Mendoza v. Neudorfer Engineers, Inc.*, 145 Wn. App. 146, 152 (2008), ref., e.g., *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 481 (1981) (holding that "[n]othing inherent in exclusive federal sovereignty over a territory precludes a state court from entertaining a personal injury suit concerning events occurring in the territory and governed by federal law.").

In sum, Defendant presents no evidence satisfying the complex questions necessary for this Court to conclude that these publicly accessible gravel areas are a federal enclave. *See Scott v. Does 1 through 100*, 2012 WL 13013026, at

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 10 of 12

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

*2 (C.D. Cal. Oct. 25, 2012), quoting *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994).  Plaintiffs' motion to remand should be granted.

DATED this 5th day of January, 2024.

MARY SCHULTZ LAW, P.S.

*/s/Mary Schultz*
Mary Schultz, WSBA #14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, Washington 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 11 of 12



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of January, 2024, she filed and served the foregoing document to all counsel and parties using the Eastern District of Washington U.S. District Court CM/ECF system, which will automatically serve notice to all attorneys who have appeared in this action and registered with the electronic filing system. Plaintiffs are not aware of any non-CM/ECF participants.

Dated this 5th day of January, 2024.

MARY SCHULTZ LAW, P.S.

/s/Mary Schultz
Mary Schultz, WSBA # 14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

PLAINTIFFS' REPLY IN SUPPORT OF MOTION REMAND
Page 12 of 12



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com