MARY SCHULTZ  
MARY SCHULTZ LAW, P.S.  
2111 E. Red Barn Lane  
Spangle, WA 99031  
Tel: (509) 245-3522, Ext. 1  
E-mail: Mary@MSchultz.com  

*Attorney for Plaintiffs*

The Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff, and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN; BLAKE FRANKLIN; and AVERY FRANKLIN,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>INTER-CON SECURITY SYSTEMS, INC., AND ITS PARENT COMPANY TBD, BY AND THROUGH OTHERS TBD,<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-00338<br><br>PLAINTIFFS' MOTION FOR DISQUALIFICATION AND CASE REASSIGNMENT<br><br>Hearing Date: 2/12/24<br><br>*Without Oral Argument* |

　　The Plaintiffs in this action request reassignment of this case to another court to avoid the appearance of impropriety and prejudgment.

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT  
Page 1 of 8

Mary Schultz Law, P.S.  
2111 E. Red Barn Lane  
Spangle, WA 99031  
(509) 245-3522  
Mary@MSchultz.com

## I. MOTION.

Plaintiffs respectfully request that this case be reassigned, and that the Honorable Thomas Rice be disqualified from proceeding further in this matter, per 28 U.S.C. § 455(a) and 28 U.S.C. § 144. Plaintiffs' counsel has the obligation to bring this motion. "Counsel for a party who believes a judge's impartiality is reasonably subject to question has not only a professional duty to his client to raise the matter, but an independent responsibility as an officer of the court." *In re Bernard*, 31 F.3d 842, 847 (9th Cir. 1994). Per 28 U.S.C. § 144, when such a motion is brought, the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." This motion is based upon the record of this case, and the Declaration/Certifications of Mary Schultz and Erin Franklin. This case is also based upon the argument and evidence filed today in the case of *Gardner v. Rodriguez, et al*, United States District Court for the Eastern District of Washington No. 2:22-cv-00144-TOR, at ECF(s) 81, 82, and 83, which are incorporated here by request for judicial notice. The Declaration of Mary Schultz filed at ECF 83 in the *Gardner* case is attached as Exhibit A to the Declaration of Mary Schultz filed here in support of this motion.

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 2 of 8



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

A. <u>The Law Supporting this Motion</u>

Plaintiffs request reassignment based upon extra-judicial grounds. *Green v. United States*, 2022 WL 407383, at *1–2 (W.D. Wash. Feb. 10, 2022, ref. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Generally, the requisite basis of bias and prejudice under sec. 144 must be extra-judicial, but recusal is required whenever there exists a genuine question concerning a judge's impartiality, and not merely when the question arises from an extrajudicial source. *Liteky,* 510 U.S. at 551, 552 (described as the "pervasive bias" exception to the "extrajudicial source" doctrine). It is the *appearance* of partiality that matters, not actual bias or partiality. *See, e.g.*, *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980) ("the appearance of partiality is as dangerous as the fact of it"); *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) ("section 455(a) covers circumstances that appear to create a conflict of interest, whether or not there is actual bias."). "Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Green v. United States,* 2022 WL 407383, supra, ref *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). Objective inquiry is

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 3 of 8

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

required concerning whether there is the appearance of bias, not whether there is bias in fact. *Id.*, ref. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d at 881. The disqualification standard directs a judge "to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980) ("disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality."). If any reasonable factual basis for doubting the judge's impartiality exists, the judge "shall" disqualify himself and let another judge preside. *See Id.*, 1110-1111.

1. <u>Extrajudicial sources should disqualify Judge Rice.</u>

A judge can have disqualifying bias against an attorney arising from a prior litigation. *Yagman,* 987 F.2d at 625. Even where the court expressly rejects claims of judicial bias, circumstances can be sufficiently "unusual" to warrant reassignment under the appearance of bias standard. *Id*. That is the case here, as reflected in the filings in *Gardner v. Rodriguez*, et. al., USDC Case No. 2:22-cv-00144-TOR, by motion and the accompanying declarations of Mary Schultz and that Plaintiff Penny Gardner, at ECFs 81, 82, and 83 (the latter attached as well

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 4 of 8

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

to the Declaration of Mary Schultz filed here). In part, Plaintiffs' lawyer successfully sued Judge Rice's former United States' Attorney's Office employer for actions of gender discrimination by that office's male management *during a time frame* when Thomas Rice was the First Assistant United States Attorney (FAUSA) in the criminal division, when that management was implicated in the discrimination against a female chief criminal deputy. Schultz, Exhibit A, paras. 3-10. FAUSA Rice took the bench while that discrimination continued, but recognized that the action implicated his conduct and/or management when he recused himself from hearing that case, naming 28 U.S.C. § 455 as the basis. *Id.*, Ex. A, para. 7, *Gardner* case, ECF 83, para. 7, ref. Ex. C, Recusal Order ("For reasons that are unnecessary to recite here, the Court deems it appropriate to recuse itself, pursuant to 28 U.S.C. § 455, from any further proceedings in the above-captioned matter."). The recusal motion in *Gardner* cites that litigation as one basis sufficient to create unusual circumstances which support an appearance of impropriety to that Plaintiff, as it would to the "average person on the street."

That *Gardner* motion and its accompanying declaration go further, however, to evidence what are believed to be the ramifications of that history,

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 5 of 8

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

including prejudgment of that case on its merits before evidentiary hearings, which also requires disqualification. *See Gardner* case, ECF 81, pps. 6-8, ref. e.g. *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358,1361 (10th Cir. 1977) (reassignment to new judge warranted where judge has functionally decided case, and presentation of opposition case is mere formality); *In re Tsarbopoulos,* 2000 WL 1721800, at *2 (C.A.9 (Wash.), 2000) (holding that where a judge "has already expressed his view of the merits" before an evidentiary hearing and fact-finding by the district court, "reassignment is appropriate to forfend the suggestion by any party that the outcome has been predetermined."); *also see* Schultz, Exhibit A (ECF 83), at 11-32. That motion and declaration also cite to discovery procedures and rulings in that case, the most recent in December 2023, which suspend federal discovery and motion practice rules in favor of an adverse party. *Gardner* case, ECF 81, pages 8-11; Schultz, Ex. A (ECF 83) at 33-36. All of these actions are extra-judicial to this case, and all demonstrate bias relative to an action brought by the Plaintiffs' counsel, which would extend to this case.

## II.　CONCLUSION.

Extrajudicial preexisting litigation to this case, prejudgment of a case's merits, and judicial suspension of discovery and motion practice in favor of an

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 6 of 8

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

adverse party in another active matter are cause to mandate the reassignment of this case to protect the appearance of integrity of this judicial process.

DATED this 11th day of January, 2024.

MARY SCHULTZ LAW, P.S.

<u>/s/Mary Schultz</u>
Mary Schultz, WSBA # 14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 7 of 8

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of January, 2024, she filed and served the foregoing document to all counsel and parties using the Eastern District of Washington U.S. District Court CM/ECF system, which will automatically serve notice to all attorneys who have appeared in this action and registered with the electronic filing system. Plaintiffs are not aware of any non-CM/ECF participants.

Dated this 11th day of January, 2024.

MARY SCHULTZ LAW, P.S.

/s/Mary Schultz
Mary Schultz, WSBA # 14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

PLAINTIFFS' MOTION FOR CASE REASSIGNMENT
Page 8 of 8



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com