UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, by and through others TBD,<br><br>Defendants. | NO: 2:23-CV-0338-TOR<br><br>ORDER DENYING MOTION TO DISQUALIFY |

BEFORE THE COURT is Plaintiffs' Motion for Disqualification and Case Reassignment. ECF No. 11. Plaintiffs' Motion to Disqualify (ECF No. 11) is **DENIED**.

//

//

ORDER DENYING MOTION TO DISQUALIFY ~ 1

# BACKGROUND

Plaintiffs request that Judge Thomas O. Rice disqualify himself pursuant to 28 U.S.C. §§ 144 and 455.  ECF No. 11.  Plaintiffs' counsel alleges that because she sued the United States Attorney's Office in 2015 for gender discrimination on behalf of Jill Bolton, this Judge should recuse himself from this case that was filed in 2023.  Plaintiff's counsel alleges that because she sued the United States Attorney's Office and this Judge recused himself from that case, that it is "sufficient to create the unusual circumstances which support an appearance of impropriety to that Plaintiff, as it would to the 'average person on the street.'"  ECF No. 11 at 5.  Counsel contends that this Court is biased "relative to an action brought by the Plaintiffs' counsel. . ."  *Id*. at 6.

# DISCUSSION

Pursuant to 28 U.S.C. § 455, a district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  For example, the judge must disqualify himself if "he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(b)(1); *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citation omitted) (section 445(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)."); *see also* 28 U.S.C. § 144.  Judges are presumed impartial. *First Interstate Bank of*

ORDER DENYING MOTION TO DISQUALIFY ~ 2

*Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). A party has a "substantial burden" in demonstrating otherwise. *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citing *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995)).

The test for section 455(a)—and thus also 455(b)(1)—is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (quoting *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986))). "An affidavit filed pursuant to [section 455] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d at 868 (citation omitted) (bare conclusions devoid of specific facts tending to show personal bias not enough); *In re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009) (vague accusations insufficient). Importantly, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" and "mere

ORDER DENYING MOTION TO DISQUALIFY ~ 3

1  familiarity with the defendant(s)" are "matters not ordinarily sufficient to require a
2  § 455(a) recusal." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428
3  F.3d at 1178–79 (quoting *Nichols v. Alley,* 71 F.3d at 351).  This analysis centers
4  on "[t]he facts proven" and not the "unverified suspicions harbored by the
5  [parties]." *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998).

   The standard of review for the denial of a motion for recusal is abuse of
   discretion. *United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002) (citations
   omitted).  As the First Circuit explains:

   > At one end are situations in which the hypothesis of partiality is so compelling that the judge has no real choice but to recuse herself. *See, e.g., Fredonia Broad. Corp. v. RCA Corp.,* 569 F.2d 251 (5th Cir. 1978) (involving a recusal motion based upon one party's representation by the judge's former law clerk, who had served in that capacity during a prior trial of the same action).  At the other end are situations in which the hypothesis of partiality is so tenuous that the judge has no real choice but to sit. *See Blizard v. Frechette,* 601 F.2d 1217 (1st Cir. 1979) (involving a recusal motion based upon nothing more than a judge's criticism of a party and her case in an opinion).  Between these two polar extremes lies a zone in which the district judge's discretion holds sway. *See In re U.S.,* 666 F.2d 690, 695 (1st Cir. 1981).  If a case falls within this gray area, a court of appeals ought not to interfere.

   *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998) (citations altered).

   Plaintiff's proposed grounds for disqualification are limited to mere speculation.  The lawsuit Plaintiff's counsel filed occurred over three years after this Judge left the United States Attorney's Office.  A careful reading of the lawsuit shows that the events complained of occurred after March 2012 when this

ORDER DENYING MOTION TO DISQUALIFY ~ 4

1  Judge left that office and make no reference to this Judge. Recusal is warranted
2  when the judge has a personal bias or prejudice against "a party" to the lawsuit.
3  Counsel alleges this Court recused itself because "the action implicated his conduct
4  and/or management", which is not true. This Judge was familiar with the parties to
5  that lawsuit and decided that he should not sit in judgment on that case, especially
6  because that office represents the United States, a major litigant in this district.
7  Counsel is purely speculating. Also, Jill Bolton has no relation to Plaintiffs here.

8      Counsel's citation to cases talking about appearance of partiality
9  conveniently leave out the most important aspect of the two statutes involved,
10 "personal bias or prejudice <u>concerning a party</u>". *See United States v. Conforte*, 624
11 F.2d 869, 880 (9th Cir. 1980) (emphasis added); *Herrington v. Sonoma Cnty.*, 834
12 F.2d 1488, 1502 (9th Cir. 1987) ("However, personal bias, to require
13 disqualification, must be against the party, not against counsel for the party.")

14     Counsel also complains of this Court's ruling on various issues in the
15 *Gardener* case. Dissatisfaction with the Court's rulings are not grounds for
16 recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("First, judicial
17 rulings alone almost never constitute a valid basis for a bias or partiality motion.").
18 Plaintiff has not met her burden in overcoming the presumption of impartiality in
19 this case, *First Interstate Bank of Arizona*, 210 F.3d at 987, as Plaintiff's
20

ORDER DENYING MOTION TO DISQUALIFY ~ 5

contentions of an appearance of impropriety are completely unfounded. *United States v. Wilkerson*, 208 F.3d at 797.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Disqualification and Case Reassignment, ECF No. 11, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 22, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISQUALIFY ~ 6