FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, by and through others TBD,<br><br>　　　　　　　Defendants. | NO. 2:23-CV-0338-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Amend (ECF No. 4), and Plaintiffs' Motion to Remand (ECF No. 6). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 1

to Amend (ECF No. 4) and Plaintiffs' Motion to Remand (ECF No. 6) are GRANTED.

## BACKGROUND

This matter arises out of events which took place on September 30, 2023, near the Bonneville Power Administration ("BPA") facility, maintained by the Department of Energy. ECF No. 1-2 at 5, 6 ¶¶ 3.2, 3.10. For the purposes of consideration of the Motion to Amend and the Motion to Remand, the Court accepts the Statement of Facts as they appear in the Complaint as true, recognizing that the Defendants have not yet answered.

On the date in question, Plaintiff Brock Franklin drove his truck in the direction of a large vacant lot in Mead, Washington, between East Hawthorne Road, East Magnesium Road, North Nevada Street, and North Market Street ("vacant lot"), where he was hoping to ride his motocross bike. *Id*. at 5, 6, ¶¶ 3.3, 3.10, 3.11. Brock was accompanied in this endeavor by his father, John Franklin. *Id*. at 6, ¶ 3.10.

The vacant lot is made up of a conglomeration of land held by public and private landowners, including BPA, which owns a tract of land adjacent to its facility at 2410 East Hawthorne Road, Mead, Washington 99021. *Id*. at 5, ¶¶ 3.2, 3.3. According to Plaintiffs, the vacant lot was widely known among the

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 2

landowners to be used for recreational purposes, including off-road vehicles, and they personally had used it for motocross purposes before. *Id*. at 6, ¶¶ 3.7, 3.9.

When Brock and John were approaching the vacant lot on September 30, they were met with a BPA "No Trespassing" sign near a gravel shoulder on the north side of East Hawthorne Road. *Id*. at 6, 7, ¶¶ 3.12, 3.14. Brock proceeded to turn off East Hawthorn Road onto the gravel area and struck the sign with his truck, knocking it down. *Id*. at 6, 7, ¶¶ 3.12, 3.15. Just after the sign was pushed over, a vehicle with a flashing lightbar approached, travelling eastbound on East Hawthorne Road, and made a U-turn, pulling up behind Brock's truck. *Id*. at 7, ¶¶ 3.17, 3.19. The vehicle, which Plaintiff noted was noticeably not law enforcement, was driven by Inter-Con Security Services, Inc. security guard ("the security guard"), a private company which performed security work for BPA. *Id*. at 7, ¶¶ 2.3, 3.18, 3.21. Plaintiffs state that the vehicle remained behind Brock's truck on the gravel shoulder long enough to observe the license plate. *Id*. at 8, ¶ 3.27. Without speaking to the security guard, Brock then pulled forward off the gravel area and onto East Hawthorne Road, travelling westbound, and noted that the security vehicle was pursuing closely behind him. *Id*., ¶¶ 3.29, 3.30.

The complaint alleges that the security guard broke the speed limit while following Brock, and as a result, both vehicles returned to the BPA parking lot to avoid contact with other drivers on the road. *Id*. at 9, ¶ 3.34. Once in the parking

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 3

lot, the security vehicle pulled in behind Brock's truck and left the lightbar flashing. *Id.*, ¶¶ 3.36, 3.37. The security guard then exited the vehicle and approached the truck. The Complaint alleges that John exited the truck's passenger side to express compliance and verbally engage with the situation. *Id.*, ¶¶ 3.40, 3.41. Without any additional commands, the Complaint alleges that the security guard approached John and grabbed him by the left arm. *Id.* at 10, ¶¶ 3.43, 3.46. John then moved backward, attempting to reenter the truck, while the security guard was actively restricting him. *Id.*, ¶¶ 3.48, 3.49. Upon seeing his father struggling with the security guard, Brock exited the truck and walked around to the passenger's side. *Id.*, ¶ 3.51, 3.52. John ordered Brock to return to the vehicle, which he initially pushed back against, but obeyed after the second command. *Id.* at 11, ¶¶ 3.55 – 3.57. At this point, the Complaint alleges that the security guard still had not issued any verbal orders to Brock or John. *Id.*, ¶ 3.58.

The situation escalated as John once again attempted to reenter the truck, reaching for the door handle, at which point the security guard knocked him to the ground. *Id.*, ¶ 3.61. Seeing his father fall, Brock then exited the truck again and came around the front of vehicle. *Id.* at 12, ¶ 3.62. Finding the security guard standing over his father, Brock shoved the security guard. *Id.*, ¶ 3.64. The security guard then backed up toward his vehicle and reached toward his belt. *Id.*, ¶ 3.67. Brock, believing the security guard was reaching for pepper spray, turned away,

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 4

1 while simultaneously, John rose from the ground and moved between Brock and
2 the security guard. *Id*., ¶¶ 3.68, 3.70. Rather than pepper spray, the security guard
3 pulled out a semiautomatic handgun and fired between four and five shots. *Id*., ¶¶
4 3.69, 3.71. John was shot in the chest and abdomen and died at the scene. *Id*. at
5 13, ¶¶ 3.72, 3.75. Brock was shot in the abdomen and the arm, and sustained
6 injuries to his right forearm, wrist, hand, and left abdomen and thigh. *Id*., ¶¶ 3.73,
7 3.80. The security guard called for law enforcement assistance around 11:15 am,
8 after he had fired his weapon. *Id*., ¶ 3.74. At no point were either Brock or John
9 armed. *Id*. at 10, 11 ¶¶ 3.42, 3.53.

John Franklin's widow, Plaintiff Erin Franklin, brought this claim on her own behalf and behalf of his estate, with their son Plaintiff Brock Franklin, and their two other children Plaintiffs Blake Franklin and Avery Franklin, on October 23, 2023, in Spokane County Superior Court. *See generally* ECF No. 1-2. The initial complaint named "Inter-Con Security Services, Inc., and its Parent Company TBD, and by and through others TBD," as Defendants. *Id*. Defendant Inter-Con removed the case on November 16, 2023, citing that this Court had diversity jurisdiction pursuant to Inter-Con's corporate citizenship under 28 U.S.C. § 1332(c). ECF No. 1 at 3.

Plaintiffs then filed two motions before the Court, a Motion to Amend (ECF No. 4) and a Motion to Remand (ECF No. 6). Plaintiffs request an amendment to

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 5

their Complaint in order to name the Inter-Con parent company and the Inter-Con security guard as defendants. ECF No. 4 at 2. Defendants do no oppose Plaintiffs' Motion to Amend. ECF No. 9.

Plaintiffs also seek remand to state court on the grounds that diversity of citizenship will cease to exist should the Court grant the Motion to Amend. ECF No. 6 at 2. Defendants oppose remand, arguing that parties will remain diverse after amendment, and even if they do not, the Court may retain this case under subject matter jurisdiction. ECF No. 7 at 10.

The Court considers both of Plaintiffs' motions in turn.

## DISCUSSION

### I. Motion to Amend

Plaintiffs seek to amend their complaint to name previously unidentified defendants. Per Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course, provided it does so within 21 days of filing the complaint, or, if the pleading is one which requires a response, within 21-days of the filing of defendant's answer. Fed. R. Civ. P. 15(a)(1)(B). Defendants have neither answered nor filed an applicable Rule 12 response, and in fact do not oppose Plaintiffs' motion to amend. ECF No. 9. Plaintiffs assert that by meeting this threshold, they are entitled to an amendment as a matter of course without leave of the Court. ECF No. 4 at 13. The amendment Plaintiffs seek would

destroy the Court's diversity jurisdiction per 28 U.S.C. § 1332(a).

Plaintiffs first argue that both Inter-Con's parent company and the security guard were named as "Doe" defendants in the initial complaint, and thus this amendment simply seeks to formally name them. ECF No. 4 at 7–8. Plaintiffs are within the bounds of Rule 15(a)(1), and Defendants do not oppose amendment. Plaintiffs' Motion to Amend and Amended Complaint list the security guard as citizen of Washington State. ECF Nos. 4 at 6; 3 at 4, ¶ 1.16. Defendants do not oppose his addition or dispute his citizenship. ECF No. 9.

Claims that Plaintiffs assert against the security guard in the Amended Complaint arise jointly with Inter-Con defendants based on the events of September 30, 2023. Many of the claims alleged against the Defendants in the Amended Complaint assert causes of actions that hold them together jointly and severally liable. ECF No. 3 at 18, 21, 23, 24, ¶¶ 4.3, 4.10, 4.18, 4.19, 4.20.

Additionally, Plaintiffs argue that there are two Inter-Con defendants, the parent company Inter-Con and the local affiliate of Inter-Con. In doing so, Plaintiffs seek to amend their complaint to "name" the parent company but argue that diversity never existed to allow removal because Inter-Con was "registered" in Washington State. ECF No. 4 at 20. Parties disagree as to whether the local affiliation of Inter-Con can be attributed to Washington State for citizenship purposes. ECF No. 1 at 3; ECF No. 4 at 5. Outside of information that Inter-Con

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 7

conducts business in Washington State, the Court is not presented with any evidence to suggest that Inter-Con as a California corporation, can be attributed to Washington as a citizen per 28 U.S.C. § 1332(c).  ECF No. 5 at 3–5, ¶¶ 7–15.  However, the Court need not enter into an exercise of attributing the actions of a Washington branch of Inter-Con in place of the parent company for citizenship purposes of diversity jurisdiction, as it has already been determined above that the Court no longer has § 1332(a) jurisdiction.

## II.    Motion to Remand

In addition to arguing that diversity exists (which the Court rejects), Defendants also argue that the Court still maintains subject matter jurisdiction over the claim on the basis that the events stemmed from and took place on a federal enclave, which creates a federal question.  ECF No. 7 at 3.  A federal enclave is created when land is transferred from a state to the federal government, and such land, and actions that take place upon it, is then subject exclusively to federal law.  *Paul v. United States*, 371 U.S. 245, 264 (1963).  However, this matter was removed on November 17, 2023, based on diversity jurisdiction, and not federal question jurisdiction.  ECF No. 1-1 at 1.  The Ninth Circuit has held that grounds for removal may on be amended within 30 days of filing.  *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988).  Defendants' opposition to remand was filed on December 22, 2023, outside of the 30-day window.  ECF No.

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 8

7. Therefore, the Court does not have subject matter jurisdiction over this case.

Moreover, every piece of property owned by the federal government does not create a "federal enclave." There has been no showing that the BPA obtained a "federal enclave" by operating on the property. Exclusive federal jurisdiction does not exist on this record.

Pursuant to 28 U.S.C. § 1447(e), the Court permits diversity destroying joinder, and remands this case to state court. Plaintiffs also seek attorney's fees and costs. Given Plaintiffs' assertion that they attempted to seek the proper parties to name, and were met with resistance, the Court will entertain Plaintiff's request for attorney's fees and costs. ECF No. 4 at 6; *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.") As such, the Court will retain jurisdiction following remand to resolve the request for an award of attorney's fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (holding that the district court may retain jurisdiction over collateral attorney's fees issue after remand). The Court will hear Plaintiffs' request upon the filing of the appropriate justification within 10-days.

//

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 9

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Amend (ECF No. 4) is **GRANTED**. Plaintiff is allowed to name the "Doe" Defendants and the Amended Complaint should be filed in the Spokane County Superior Court.

2. Plaintiffs' Motion to Remand (ECF No. 6) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(e), the matter is **REMANDED** to the Spokane County Superior Court, State of Washington, for all further proceedings (former Spokane County Case No. 23-2-04486-32).

3. Plaintiffs must file appropriate justification for attorney's fees and costs within **TEN (10) days**. Defendants may respond according to LCivR 7.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and <u>mail a certified copy to the Clerk of the Spokane County Superior Court.</u>

DATED January 22, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND MOTION TO REMAND ~ 10