The Hon. Thomas O. Rice

HEATHER C. YAKELY
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201-0910
(509) 455-5200
hyakely@ecl-law.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff, and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,<br><br>Plaintiff(s),<br><br>vs.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, by and through others TBD,<br><br>Defendant(s). | Case No. 2:23-cv-00338-TOR<br><br>Spokane County Superior Court Case No. 23-2-04486-32<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES |

## I.     INTRODUCTION

On January 22, 2024, this Court issued an order granting Plaintiffs' motions to amend their complaint and to remand this matter back to state court. In the order, the Court noted that, "Plaintiffs also seek attorney's fees and costs. Given Plaintiffs' assertion that they attempted to seek the proper parties to name, and

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
ATTORNEY FEES - page 1

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

were met with resistance, the Court will entertain the Plaintiff's request for attorney's fees and costs." Plaintiffs thereafter filed *Plaintiffs' Motion for Attorney Fees*, to which Defendants respond herein.

## II.   DEFENDANTS DID NOT "RESIST" PLAINTIFF'S EFFORT TO SEEK PROPER PARTIES TO NAME

Plaintiffs filed their *Complaint for Damages* in Spokane County Superior Court on October 23, 2023. *ECF 1-2*, *ECF 5, ¶ 18*. Plaintiffs thereafter served written discovery on Defendants on October 26, 2023. *ECF 5*, *¶ 18*. Twenty-three days later, on November 17, 2023, Defendants filed their *Notice of Removal* (ECF 1).

Per Wash. R. Civ. P. 33(a) and 34(b)(3)(A), responses to Plaintiffs' discovery requests were due December 4, 2023 (40 days after the service of the summons and complaint). Removal occurred before the expiration of those 40 days; therefore, Defendants were never in violation of a court rule as it relates to producing requested discovery.

Further, Plaintiffs' counsel admits that on November 17, 2023, (the date of removal), Defendants' counsel informed her that "since we are in federal court you can't serve discovery until after our status conference and it is subject to time limitation." *ECF 5, ¶ 21*. This was an absolutely correct statement of the law. Outside of exceptions not relevant here, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES - page 2



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1  927RAJ, 2015 U.S. Dist. LEXIS 183214, at *8 (W.D. Wash. Nov. 16, 2015)
2  ("[T]he Rules apply to stay and void any discovery requests served and pending in
3  state court, but not yet due. That means that the discovery requests Plaintiffs
4  propounded prior to removal were void at least until the Parties' Rule 26(f)
5  conference").

6  Plaintiffs filed their motions to amend and for remand on December 1, 2023.
7  *ECF 4, 6*. Plaintiffs cannot reasonably argue that Defendants "resisted" her
8  discovery efforts when Defendants' actions comported with every applicable court
9  rule concerning said discovery.

10  Defendants acknowledge that on November 26, 2023, Plaintiff's Counsel
11  sent an email to Counsel asking it to confirm the employee's name, which they
12  already had and a business address. Counsel was out of the Country with limited
13  access to emails until November 28, 2023 with my out of office on. There was no
14  follow up to the November 26 emailed request despite the out of office. *Decl. of*
15  *Heather Yakely*, ¶ 2.

16  Further still, counsel for Plaintiffs had reason to know the identity of Mr.
17  McGhee by virtue of being interviewed for an article in the *Spokesman Review* in
18  which Mr. McGhee is identified. *Yakely Decl.*, Ex. B. The article was published
19  October 25, 2023, well before the filing of Plaintiffs' motion to amend and motion
20  for remand. *Id*.

21

22

23  DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
    ATTORNEY FEES - page 3



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

The article identifies another avenue for Plaintiffs' counsel to further discover information on Mr. McGhee and his residency: It states that the Spokane County Sheriff's Office is investigating the shooting involving her clients. *Id*. Plaintiff's counsel presumably could have sought information from the sheriff's office through a subpoena or public records request but chose not to. Instead filing the motions two days after the removal.

Lastly, any characterization that Defendants' counsel obstructed or "resisted" Plaintiffs' efforts as it relates to amending Plaintiffs' complaint is without merit. On December 8, 2023, counsel for Defendants emailed Plaintiffs' counsel in an effort to resolve any potential misunderstandings concerning the filing of Plaintiffs' motion and amended complaint. Defendants' counsel stated Defendants would answer the amended complaint as opposed to the original complaint and "If you disagree with that, please let me know." *Yakely Decl.*, Ex. C. The email goes on to state that Defendants would likely stipulate to the motion to amend. *Id*. It ultimately filed a Notice of Non-Opposition. *ECF 9*.

### III. THE AWARD OF ATTORNEY'S FEES SHOULD BE DENIED BECAUSE DEFENDANTS HAD AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL

In its Order granting Plaintiffs' motion to amend and for remand, this Court cited *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), which sets the standard for the award of fees in a matter that is removed and subsequently remanded: "Absent unusual circumstances, courts may award attorney's fees

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES - page 4



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

In formulating that rule, the Supreme Court noted that the award of fees should be done sparingly as to not chill state court defendants from seeking to exercise their right to a federal forum: "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id.* at 140.

At the time Defendants removed this matter to federal court, the only named Defendant in the caption of the Complaint was "INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, and by and through others TBD." Plaintiffs argue that "The Complaint also identifies a local Doe security guard as the primary actor creating the liability. *Id*. (caption, stating 'and . . . . others TBD.')." *ECF 6*, p. 8. The "*Id*." signal relates to paragraph 1.13 of the Plaintiffs' Complaint, which states: "Defendant Inter-Con Security Services's [sic] parent company is also registered in the State of Washington, and transacts business in Spokane County, Washington." It is a common practice that parties make strategic decisions on whether to name individual defendants frequently.

Thus, despite Plaintiffs' argument to the contrary, neither this passage in the Complaint, nor the listing of "… by and through others TBD" put Defendants on

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES - page 5



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

notice that the security guard employed by Defendant was a to-be-named defendant.

More importantly, at the time of removal, Defendants had a good-faith basis to believe that it had total diversity. Removals must occur within thirty days and within those thirty days there was no indication that Plaintiffs intended on naming the guard. Further, the individual's name was already known by Plaintiffs and while it was requested in discovery, which was stayed, it was not a focus for Counsel to complete given that it was not due. Finally, Plaintiffs did not conduct a meet and confer or provide any indication that she planned on filing either a Motion to Amend or a Motion for Remand.

Put simply, at the time Defendants removed this matter, there was complete diversity amongst the named parties.

Lastly, while the argument did not carry the day and remand was awarded, Defendants had a good-faith basis to argue this Court had jurisdiction under the federal enclave doctrine, which is not destroyed by a Defendant in state. *Rhode Island v. Shell Oil Prods. Co., L.L.C.*, 35 F.4th 44, 58 (1st Cir. 2022) ("Federal courts have federal-question jurisdiction over tort claims arising on federal enclaves.")

While the doctrine was not listed as the basis for removal in Defendants' removal, "Whether subject matter jurisdiction exists may be raised at any time." *Sungchull Kim v. Plummer*, No. SACV 23-00652-CJC (ADSx), 2023 U.S. Dist.



1  LEXIS 75796, at *2 (C.D. Cal. May 1, 2023). "Whether subject matter jurisdiction
2  exists may be raised by the Court sua sponte at any time." *RP Essex Skyline
3  Holdings, LCC v. Gilmore*, No. SACV 23-01809-CJC (ADSx), 2023 U.S. Dist.
4  LEXIS 179008, at *3 (C.D. Cal. Oct. 4, 2023).  To the best of counsel's
5  knowledge, there is no statute related to removal that mandates fees and costs, and
6  Plaintiffs' motion for fees does not cite to any such authority, rather an award of
7  fees and costs is discretionary, and to be guided by "sound legal principles."
8  *Martin*. 546 U.S. at 132.  Simply losing on a Motion that has been opposed does
9  not mandate fees without something more such as statutory authority or a showing
10 of bad faith. Here the argument concerning the federal enclave doctrine had
11 previously been brought by Inter-Con, with a favorable result, by Defendants in
12 similar but unrelated litigation. *Yakely Decl.*, ¶ 5. Defendants therefore had a
13 reasonable basis to make such an argument in this case.

14     Based on the above, Defendants had a reasonable basis for seeking removal,
15 and Plaintiffs' request for fees should be denied.

16                    **IV.    CONCLUSION**

17     Based on the foregoing, Defendants had a reasonable basis for removing
18 this action. Defendants therefore respectfully request an order denying Plaintiffs'
19 motion for attorney's fees.

23 DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
   ATTORNEY FEES - page 7



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DATED: February 15, 2024

                        EVANS, CRAVEN & LACKIE, P.S.

                        By   /s/Heather C. Yakely
                        HEATHER C. YAKELY, WSBA #28848
                        Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the United States, that on the 15th day of February 2024, the foregoing was served on the following persons as indicated below:

| **Counsel for Plaintiffs**<br>Mary Schultz<br>Mary Schultz Law, P.S.<br>2111 E. Red Barn Lane<br>Spangle, WA 99031<br>Tel: (509) 245-3522, Ext. 1<br>Email: Mary@MSchultz.com | Regular mail, postage prepaid | ☐ |
| --- | --- | --- |
| | Personal delivery | ☐ |
| | Email per electronic service agreement | ☒ |
| | Other: | ☐ |

By   /s/Heather C. Yakely
HEATHER C. YAKELY, WSBA #28848
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
hyakely@ecl-law.com
Attorneys for Defendant

