MARY SCHULTZ
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

*Attorney for Plaintiffs*

The Hon. Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

ERIN FRANKLIN, as an individual Plaintiff, and the ESTATE of JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,

　　　　　　　　　Plaintiffs,

v.

INTER-CON SECURITY SYSTEMS, INC, and its Parent Company Inter-Con Security Services, Inc., by and through Jordan McGhee, and Jordan McGhee, in his individual and personal capacity,

　　　　　　　　　Defendants.

Case No. 2:23-cv-00338-TOR

PLAINTIFFS' REPLY IN SUPPORT OF ATTORNEY FEES

Hearing Date:　　March 4, 2024
*Without Oral Argument*

Plaintiffs reply in support of their request for an award of attorney fees and costs (ECF 16) as follows.

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 1 of 9

*Mary Schultz Law, P.S.*
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

A. <u>Defendant concedes the reasonableness of the hourly rate requested and the entries listed.</u>

Objections to fee bills, such as, e.g., block billing, must be stated by specific objection to specific aspects of the claim, with particularity and clarity. *See, e.g., Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1024 (N.D. Ill. 2016) (citation omitted). Defendant does not dispute the hourly rate requested by Plaintiffs, nor the time expended, nor assert any particularized objections. Plaintiffs' request should be deemed reasonable.

In *Baier*, a plaintiff submitted a response to a motion for summary judgment totaling 16 pages, relying on ten exhibits, addressing "issues that are fairly common, and did not require a particularly deep or otherwise complex review of current law," yet "spent approximately 200 total hours preparing their response brief; including 66 hours spent by one attorney on the statement of facts alone." *Baier,* at 1022. The court notes, "The total time spent by counsel on the response brief is equivalent to one attorney working 40-hour weeks for five weeks." *Id.* The court reduced that time by 40 hours, still awarding 160 hours of time for responding to a summary judgment motion. In, e.g., *In re Nicole Gas Prod., Ltd.,* 542 B.R. 204, 210 (Bankr. S.D. Ohio 2015), *aff'd*, 581 B.R. 843

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 2 of 9

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

(B.A.P. 6th Cir. 2018), *aff'd sub nom*. *Nicole Gas Prod., Ltd.,* 916 F.3d 566 (6th Cir. 2019), a court awarded $91,068 of fees to a party making a successful contempt showing, which time was reduced from the hours expended when the movant agreed certain entries were not intended to be included. This matter resonates with both rulings, because the way Defendant presented its removal issue required Plaintiffs' responsive fact investigation, evidentiary showings, and research and presentation of procedural and substantive law. ECF 3-6; ECF 10. Plaintiffs' time was recorded at 56.3 hours and is reasonable. ECF 17, para. 5. The time spent of 6.2 hours preparing the fee motion is reasonable, and is already substantially reduced by Plaintiffs' use of materials previously submitted in other matters, with certain updates. No additional time is requested for this reply. Plaintiffs request that this Court find that the hours expended, at the hourly rate identified, are fair and reasonable given the lack of specific objection, and the issues and timing presented.

B.  <u>Defendant's evidence supports its withholding its employee's identity and citizenship because it knew this information would defeat diversity jurisdiction.</u>

"[O]ne of the major objectives of an award of costs and fees is to deter

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 3 of 9

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

improper removals because they delay case resolution, impose additional costs on both parties, and waste judicial resources." *Perkumpulan Inv. Crisis Ctr. Dressel WBG v. Sherer*, 2015 WL 730025, at *7 (D. Utah Feb. 19, 2015). This was an improper removal. Defendant does not identify any difficulty it may have had in discerning the identity or citizenship of its guard at the outset. It admits that it removed the case on November 17, 2023, knowing that its answers to discovery were due in only days. Declaration of Yakely, ECF 18, para. 2 (Defense counsel told Plaintiffs' counsel "Given the federal rule that discovery is not considered served until after the status conference, Plaintiffs' discovery was not time sensitive."). Defendant calculated a removal time frame for the apparent purpose of delay: "Plaintiffs' discovery requests were due December 4, 2023 (40 days after the service of the summons and complaint). Removal occurred before the expiration of those 40 days…" ECF 19, p. 2: 10-15. The day it removed the case, defense counsel then told Plaintiffs' counsel that, "since we are in federal court you can't serve discovery until after our status conference and it is subject to time limitation." ECF 18, p. 2: 15-19; *also see* Yakely, ECF 19-3, p.3. This is direct evidence of removal being used to delay filing an answer to the complaint and returning discovery answers while particularly avoiding disclosure of the

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 4 of 9

MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

citizenship that would destroy diversity jurisdiction. Consistently, Defendant continued withholding the guard's identity when asked directly on November 26, 2023. Yakely, ECF 19-3, p. 2.  By email of December 8, 2023, Inter-Con offered to answer the complaint. ECF 19-4. The offer was further delay.  Fed. R. Civ. P. 81 *requires* that any defendant who did not answer before removal "must answer or present other defenses or objections under these rules within the longest of" three periods, and Defendant did not comply with any of the periods. *Id.* (referencing the periods as 21 days after receiving-a copy of the initial pleading stating the claim for relief, 21 days after being served with the summons for an initial pleading on file at the time of service; or 7 days after the notice of removal is filed.). Plaintiffs *told* Defendant of this rule requirement in the Exhibit Defendant presents. ECF 19-3, p. 7 (Schultz, at 9:43 pm). Plaintiff offered to allow Defendant until November 24, 2023 to answer. *Id.* Defendant did not do so. Plaintiff did not move for remand until December 1, 2023. ECF 6. Defendant had not answered. Defendant has not answered any complaint to this date. Declaration of Mary Schultz, at para. 3. Defendant states that Plaintiff should have acted on a news story. That is improper when accusing someone of a homicide. *Id.*, at para. 2. Defendant also avoids the issue. Diversity never existed, and Defendant knew

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 5 of 9

Mary
Schultz
Law, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

it. Defendant did not respond to confirm the identity and citizenship of its guard when Plaintiffs moved to amend the complaint to add "Jordan McGhee" as the John Doe Security guard. Defendants' response states that it *disagrees* with the facts asserted: "While Defendant does not agree with facts asserted… Defendant believes it is in the interests of judicial economy not to oppose the Motion." ECF 9, p. 1. Defendant's responsive memoranda to Plaintiffs' remand motion skirts the issue. ECF 7 p. 6:14-17 (stating, "The only 'local resident' noted in Plaintiffs' motion as having any employment connection with Defendant is the 'Doe security guard.'"). This Court deemed this latter statement to be acknowledgement of the security guard's identity and citizenship. ECF 15, p. 7:7-8 ("Defendants do not oppose his addition or dispute his citizenship."). Defendant's withholding of the identity and citizenship of its guard cannot be other than intentional because of the known diversity destroying facts from the outset. The removal was for purposes of delay and increased costs to Plaintiffs, as best evidenced by the statement "since we are in federal court you can't serve discovery until after our status conference and it is subject to time limitation." ECF 18, p. 2: 15-19; ECF 19-3, p. 3. Defendant's diversion of this case to this federal court, and its withholding of diversity destroying evidence known to it, is not meaningfully justified by its

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 6 of 9

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

response.

As to federal enclave jurisdiction, Defendant could have reduced costs and fees by agreeing to remand when loss of diversity jurisdiction was plain. Instead, Defendant contested remand and did so in a manner that escalated the costs and delay by injecting an entirely unwarranted, untimely, but legally complex, issue into the mix, which gave rise to new issues of procedural waiver, as well as substantive federal enclave jurisdiction. Both novel issues required substantial research and examination. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1068–69 (N.D. Cal. 2010). Defendant attaches an order from *Guillermo Beltran, et. al. v Inter-Con Security Systems, Inc., et al.*, Case No. 2:21-cv-04927-VAP-(AFMx) (C.D. CA. 2021), ECF 19-1, to claim that the *Beltran* ruling gave it a good faith basis for federal enclave jurisdiction. First, the order is dated two years before Defendant declined to use the theory here. Second, *Beltran* concerns a class action wage and work condition suit against Defendant Inter-Con by its employees stationed at a Nuclear Generating Station ("SONGS") located inside Camp Pendleton, California. Here, Defendant Inter-Con's Security guard chased private citizens down a public road and forced them to pull into a parking lot that turned out to be potentially owned by the Bonneville Power Administration (although

PLAINTIFFS' REPLY ISO ATTORNEY FEES
Page 7 of 9

Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

even that remains unclear given that Spokane County law enforcement arrived to investigate). There are no facts nor law here to substantively support federal enclave jurisdiction, but all of this had to be researched and written. Defendant's unwarranted and belated raising of federal enclave jurisdiction is not meaningfully justified by its response. Defendants' tactics required substantial work by Plaintiffs, and, in all fairness, Defendant should be required to reimburse Plaintiffs for the work unnecessarily caused.

DATED this 22nd day of February, 2024.

MARY SCHULTZ LAW, P.S.

*/s/Mary Schultz*
Mary Schultz, WSBA #14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, Washington 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of February, 2024, she filed and served the foregoing document to all counsel and parties using the Eastern District of Washington's electronic CM/ECF system, which will automatically serve notice to all attorneys who have appeared in this action and registered with the U.S. District Courts' e-filing system. Plaintiffs are not aware of any non-CM/ECF participants.

Dated this 22nd day of February, 2024.

MARY SCHULTZ LAW, P.S.

/s/Mary Schultz
Mary Schultz, WSBA # 14198
Attorney for Plaintiffs
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

