FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN FRANKLIN, as an individual plaintiff and the ESTATE OF JOHN FRANKLIN, by and through Personal Representative Erin Franklin; BROCK FRANKLIN, BLAKE FRANKLIN, and AVERY FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, by and through others TBD,<br><br>Defendants. | NO. 2:23-CV-0338-TOR<br><br>ORDER DENYING MOTION FOR ATTORNEY FEES |

BEFORE THE COURT is Plaintiffs' Motion for Attorney Fees. ECF No. 16. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Attorney Fees, ECF No. 16, is denied.

ORDER DENYING MOTION FOR ATTORNEY FEES ~ 1

# BACKGROUND

Plaintiffs filed their Complaint in Spokane County Superior Court on October 23, 2023. ECF No. 1-2. The Complaint only named "INTER-CON SECURITY SYSTEMS, INC, and its Parent Company TBD, and by and through others TBD" as Defendants. *Id*. Reading the entire complaint, Plaintiffs sought damages from INTER-CON and its Parent Company for vicarious liability. *See Id*. at ¶ 2.6. Nowhere in the Complaint does it allege that the security guard was going to be sued for the damages incurred. The Complaint merely named in the caption that "by and through others TBD." The Court assumes "TBD" means "to be determined", but this gives no indication of who this was going to be.

Defendant Inter-Con removed the case on November 16, 2023, citing that this Court had diversity jurisdiction pursuant to Inter-Con's corporate citizenship under 28 U.S.C. § 1332(c). ECF No. 1 at 3. At the time Defendant removed this action to Federal Court, no other non-diverse Defendant was named. Removals to Federal Court must be timely and at the time Defendant removed the case, no other non-diverse Defendant was named.

# DISCUSSION

28 U.S.C. § 1447(c) allows the district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" if the case is remanded back to state court. "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id*.

Here, given the short time frame for removal to Federal Court, 28 U.S.C. § 1446(b)(1) (30 days), and the obtuse nature of the Complaint which did not name any non-diverse Defendant, Inter-Con had an objectively reasonable basis for removing this case. The Court finds Defendant's actions were reasonable on the information they had and the short time frame within which they had to perform.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Attorney Fees, ECF No. 16, is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel. The file is **CLOSED**.

DATED March 4, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR ATTORNEY FEES ~ 3